SPRINGFIELD *v.* STEEN.

Opinion delivered May 22, 1911.

APPEAL AND ERROR—FAILURE TO ABSTRACT EVIDENCE.—Where appellant has failed to abstract the evidence, and objects to the abstract made by appellee as insufficient, the judgment will be affirmed for failure to comply with Rule 9 of this court.

Appeal from Pulaski Circuit Court; *F. Guy Fulk,* Judge; affirmed.

STATEMENT BY THE COURT.

J. P. Steen died in the city of Little Rock, in Pulaski County, leaving a will. When the will was offered for probate, appellants appeared in the probate court as contestants. The will was admitted to probate in common form, and the contestants duly prosecuted an appeal to the circuit court. The case was tried before a jury in the circuit court, and there was a verdict in favor of the proponent of the will. To reverse the judgment rendered upon the verdict, the contestants have appealed to this court.

*Bratton & Fraser,* for appellant.

*J. W. Blackwood,* for the estate; *W. T. Tucker,* for a devisee under the will.

HART, J., (after stating the facts). The will was contested on the ground that the testator was not of sound and disposing mind and memory, and also that the execution of the will was

procured by undue influence. The jury, by its verdict, found these issues against the appellants, and their counsel concede that in this respect the verdict was warranted by the evidence, but they seek a reversal of the judgment on other grounds.

They first question the sufficiency of the proof of the execution of the will. The testimony on this point is abstracted by appellant. E. B. Matthews and W. T. Hale were the subscribing witnesses to the will. They testified in detail as to the facts and circumstances connected with the execution of the will. Counsel for appellants urge that the testimony of the subscribing witnesses was vague and contradictory, and in consequence does not fulfill the requirements of the statute in making the proof necessary to show the execution of the will. We can not agree with their contention. A careful consideration of their testimony as a whole shows that they were present when the will was executed by request of the testator as subscribing witnesses; that the will was read over by the testator and understood by him before he signed it; and that they then signed it as subscribing witnesses.

Counsel for appellants next contend that the court erred both in admitting and excluding certain testimony; and in allowing counsel for appellee to make certain remarks which were calculated to prejudice the minds of the jury. On these assignments of error, counsel for appellee insist that the appellants have failed to file a sufficient abstract as required by rule 9 of this court, and for the failure thereof ask that the judgment be affirmed. The rule requires that the appellant shall file an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary for a full understanding of all questions presented to the court for decision. Counsel for appellants have set out in full their motion for a new trial, which contains 141 assignments of error; but they have not made an abstract. This is not a compliance with the rule. They should have made an abstract or abridgment of the transcript, showing the matters relied upon for a reversal. Otherwise the judges, singly or together, must examine or explore the transcript to ascertain if the assignments of error appear in the record, and also their connection with other parts thereof; and this we are not required

to do. Such proceeding would entail unnecessary labor upon the judges, and would greatly retard the work of the court.

It is true that counsel for appellants in their argument have stated their impression or conclusions as to the manner and connection in which the alleged errors occurred; but this is not sufficient. Counsel must make an abstract of the matters relied upon for a reversal, showing the manner of their occurrence and their relation to and connection with the other proceedings. Then in their argument they may state their impressions of the effect of the alleged errors and their reasons for their conclusions. The court, then being in full possession of the facts and the arguments of counsel, must decide whether or not the assignments of error are well taken. To illustrate, in the case at bar counsel for appellant urge that counsel for appellee made remarks during the taking of the testimony before the jury which were prejudicial to the rights of appellant. We can not tell without examining the transcript under what circumstances and in what connection the remarks were made. What would be prejudicial in one connection might be harmless in another. Again, counsel insist that there was error in the conduct and bearing of appellee's counsel in the cross-examination of some of the appellant's witnesses. We can not gain an intelligent conception of whether they are right or wrong in this contention except in the light of the attending circumstances. In short, counsel for appellants can not set out the assignments of error contained in their motion for a new trial and expect us to examine the transcript to see if the assignments appear in the record and to ascertain their connection with and relation to the other proceedings. Things said and done without explanation might appear prejudicial, and when considered in the light of the attending circumstances might appear harmless. .

Counsel for appellee have attempted to make an abstract. Where the appellee has made a proper abstract, which is accepted by appellant as correct, or to which no objection is made, and then asks us to affirm the judgment for noncompliance with Rule 9 by appellant, we have denied his motion, and have taxed appellant with the additional costs because appellee has performed the duty to the court which is required of appellant. In other words, if a proper abstract is made, whether by appellant or appellee, we

will pass upon the assignments of error; but where no proper abstract is made either by appellant or appellee, and no sufficient excuse for not having complied with the rule is made by appellant before the submission of the case, we have uniformly enforced the rule where we are asked to do so by appellee.

Counsel for appellant have filed a reply brief in which they state that the attempted abstract of appellee is incorrect and incomplete, and that it has a tendency to mislead and misinform the court. We accept their statement in this regard as true because, as above stated, we only accept the abstract of appellee as supplying the duty required of appellant where the latter concedes the correctness of appellee's abstract or at least makes no objection to it. Of course, where appellant makes a proper abstract, and, as is frequently the case, a dispute arises between appellant and appellee as to particular matters, we examine the record to ascertain which is correct.

Appellant having failed to make an abstract, and having stated that the one filed by appellee is incorrect and misleading, the judgment will be affirmed for the failure of appellant to comply with Rule 9 of this court.